UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLIN O'KROLEY,

               Plaintiff,

-against-

GNC HOLDINGS LLC ,

               Defendant.

24-CV-9794 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Colin O'Kroley filed this *pro se* action alleging that his former employer discriminated against him on the basis of his religion and sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Tennessee

## DISCUSSION

Under the venue provision for claims brought under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff, who resides in Tennessee, sues GNC Holdings LLC for alleged employment discrimination. He asserts that he worked in Donelson in Davidson County, Tennessee, and he provides a service address for Defendant in Knoxville in Knox County, Tennessee. Plaintiff further asserts that the alleged events giving rise to his claims occurred in Davidson County,

Tennessee. Because nothing in the submission suggests that the alleged unlawful employment practices took place in the State of New York, or that all of the defendants reside in the State of New York, venue is not proper in this court under 42 U.S.C. § 2000e-5(f)(3).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Davidson County, Tennessee, which is in the Middle District of Tennessee. *See* 28 U.S.C. § 123(b)(1). Accordingly, venue lies in the Middle District of Tennessee, and in the interest of justice, the Court transfers this action to the United States District Court for the Middle District of Tennessee, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Tennessee. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 8, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge